## Big Beaver Township Road

*J. Elder Bryan*, for petitioners.

*William McElwee, Jr.*, and *Errol Fullerton*, for road supervisors.

LAMOREE, J., August 24, 1949.—This matter is before the court on exceptions filed to the return of viewers by the Township Supervisors of Big Beaver Township in the matter of opening a road in Big Beaver Township.

The petition was filed on April 16, 1948, and the court appointed three viewers on the same date and directed them to make return of the proceedings to the court on the first Monday of June, 1948. On June 4, 1948, the court granted a continuance of the return date until the second Monday of September, 1948. The return of the viewers was filed on September 13, 1948, and exceptions thereto were filed on September 14, 1948. The proposed road lies wholly within Big Beaver Township.

The petition was presented under the General Road Act of June 13, 1836, P. L. 551, 36 PS §1781, and petitioners contend that the provisions of that act were followed and are controlling. Exceptants, however, maintain that the provisions of the Act of July 10, 1947, P. L. 1481, which became effective on July 1, 1947, control such proceedings and the provisions thereof not having been followed, the return should be set aside and the proceedings dismissed.

The Act of June 13, 1836, P. L. 551, as amended by the Act of April 27, 1911, P. L. 95, provides as follows:

"The court of quarter sessions of every county of the Commonwealth, on being petitioned to grant a view for a road within the respective county, shall have power and are hereby required, in open court, to appoint, as often as may be needful, three persons, qualified as hereinafter is provided, to view the ground proposed for such road, and make report of their proceedings to the respective court at the next term thereof: etc. . . .".

The Act of July 10, 1947, P. L. 1481, sec. 15, 53 PS §19093-1101, upon which exceptants rely, reads as follows:

"The township supervisors may enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and parts thereof which are wholly within the township, upon the petition of a majority in interest of the owners of property or properties through whose land such road passes, or upon whose land it abuts, or without petition of the owners of abutting property, if in the judgment of the supervisors, it is necessary for the public convenience . . .".

Section 16 of that same act, 53 PS §19093-1104, reads:

"Laying out roads under the general road law—all roads, partly within townships of the second class, where one of the termini of such roads is without the township, shall be laid out, widened, changed or vacated only by the courts of quarter sessions, as heretofore in the manner provided by the general road law and the amendments, additions, and supplements thereto. But no such road shall be opened, changed, widened, altered or vacated, unless and until the supervisors of the township shall have passed a resolution consenting and approving thereto, and shall have filed with the clerk of said court, a copy of such resolution duly certified by the township secretary . . .".

In the matter before us the proposed road lies wholly in the Township of Big Beaver and the provisions of section 1101 are applicable and the supervisors have the power to act. Section 49 of the Act of 1947, 53 PS §19093-2201, clearly sets forth the legislative intent:

"It is the intention that this Act shall furnish a complete and exclusive system for the government and regulation of townships except as to the several matters enumerated in Section 103 of Article I of this Act (Section 103 of Article I has nothing to do with laying out or opening roads). All other acts and parts of acts inconsistent with this Act are repealed."

The Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 46 PS §156, provides as follows:

"In all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of assembly of this Commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

The road in the present matter lies wholly within a township of the second class and it must be laid out in accordance with the provisions of the statute prescribing how roads wholly within a township of the second class are laid out. Such provision is found in the Act of 1947, P. L. 1481, and not under the Act of 1836.

Exception no. 4 must be sustained and it is unnecessary to consider the four other exceptions filed to the return.

We are, accordingly, making the following

## Order

Now, August 24, 1949, the fourth exception to the viewers' return is sustained and the said return is set aside and the proceeding dismissed. Costs to be paid by petitioners.